IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY


TIRESE JOHNSON, et. al.,                         :
                                                 :
            Plaintiffs,                          :        C.A. No: N13C-01-119 RBY
                                                 :
      v.                                         :
                                                 :
PREFERRED PROFESSIONAL                           :
INSURANCE COMPANY, et. al.,                      :
                                                 :
            Defendants.                          :
_____          :
                                                 :
MASON E. TURNER JONES, JR., and                  :
PRICKETT, JONES & ELLIOTT, P.A.,                 :
                                                 :
            Third-Party Plaintiffs,              :
                                                 :
      v.                                         :
                                                 :
KENNETH M. ROSEMAN; KENNETH                      :
ROSEMAN, P.A.; DANIEL MCCARTHY;                  :
MINTZER SAROWITZ ZERIS LEDVA &                   :
MEYERS, LLP; and PHYLLIS JAMES,                  :
M.D.,                                            :
                                                 :
            Third-Party Defendants.              :

                        *Submitted: July 10, 2014*
                       *Decided: September 25, 2014*

**Upon Consideration of Third-Party Defendants', Kenneth M. Roseman and
Kenneth Roseman, P.A., Motion to Dismiss
GRANTED**


**ORDER**

Francis J. Murphy, Esquire, Murphy & Landon, Wilmington, Delaware for Plaintiffs.

William J. Cattie, III, Esquire, Rawle & Henderson, LLC, Wilmington, Delaware for Defendant Preferred Professional Insurance Company.

John A. Elzufon, Esquire, Elzufon Austin Tarlov & Mondell, P.A., Wilmington, Delaware for Defendant Michelle Montague.

Colm F. Connolly, Esquire, Morgan Lewis & Bockius, LLP, Wilmington, Delaware for Defendants/Third-Party Plaintiffs Mason E. Turner, Jr. and Prickett, Jones & Elliott, P.A.

Allison L. Texter, Esquire, Swartz Campbell, LLC, Wilmington, Delaware for Third-Party Defendants Kenneth M. Roseman and Kenneth Roseman, P.A.

*Pro Hac Vice* Jeffrey McCarron, Esquire, Swartz Campbell, LLC, Philadelphia, Pennsylvania for Third-Party Defendant Kenneth M. Roseman and Kenneth Roseman, P.A.

Kevin J. Connors, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware for Third-Party Defendants Daniel McCarthy and Mintzer Sarowitz Zeris Ledva & Meyers, LLP.

*Pro Hac Vice* Eric A. Weiss, Esquire, Marshall Dennehey Warner Coleman & Goggin, Philadelphia, Delaware for Third-Party Defendants Daniel McCarthy and Mintzer Sarowitz Zeris Ledva & Meyers, LLP.

Leroy A. Tice, Esquire, Silverman, McDonald & Friedman, Wilmington, Delaware for Third-Party Defendant Phyllis James, M.D.

Young, J.

## SUMMARY

Kenneth M. Roseman and Kenneth Roseman, P.A. ("Roseman" or "Third-Party Defendants"), move for dismissal of the Third-Party Complaint of Mason E. Turner, Jr. and Prickett, Jones & Elliott, P.A. ("Third-Party Plaintiffs"), pursuant to Superior Court Rule 12(b)(6), for failure to state a claim upon which relief can be granted. In particular, Third-Party Defendants argue that Third-Party Plaintiffs fail to state a contribution claim adequately. In response, Third-Party Plaintiffs assert that Third-Party Defendants seek to escape potential liability for Roseman's alleged negligence based upon fact-based arguments, and an erroneous interpretation of the law.

First, under the Delaware Uniform Contribution Among Tortfeasors Act ("DUCATA"), the legal relationship between Plaintiff and both defendants against whom contribution is asserted is not the same, meaning joint or several negligence, will not suffice to impose contribution. Second, contribution claims by non-clients against lawyers for malpractice are generally not permitted. Third, even if Third-Party Plaintiffs could impose a contribution claim, there are no facts in either the Third-Party Complaint or the First Amended Complaint supporting Third-Party Plaintiffs' argument that Roseman breached any duty to Plaintiff to support a legal malpractice claim, that would provide the basis for a contribution claim. Therefore, Third-Party Defendants' Motion to Dismiss is **GRANTED**.

## FACTS/PROCEDURAL POSTURE

The allegations discussed in Third-Party Defendants' instant motion arise from two prior lawsuits in this Court: 1) a medical negligence action filed on

Tirese Johnson's ("Johnson") behalf by his mother Letoni Wilson ("Plaintiff") in 2007 against Defendant Michele Montague ("Montague") and non-party Dr. Phyllis James, M.D. ("Dr. James") (herein the "Negligence Case"); as well as 2) a bad faith and legal malpractice case (the "Bad Faith Case"), which Dr. James filed against her malpractice insurance carrier Defendant Preferred Professional Insurance Company ("PPIC").

Defendant Mason E. Turner, Jr. ("Turner"), attorney and former director of Defendant Prickett, Jones & Elliott, P.A., represented Montague in said negligence case. In March of 2010, prior to trial of the negligence case, summary judgment was entered in favor of Montague. Plaintiff had proffered an expert opinion that Montague failed to adhere to the standard of care required by a pediatrician. Noting that Montague was not a pediatrician, the trial court granted Montague's motion in limine to exclude that opinion on the basis that the proffered expert lacked satisfactory familiarity with the practice of a physician's assistant in Delaware, rendering that expert unqualified to articulate the standard of care applicable to Montague. The final court denied Plaintiff's motion to reargue that decision. That led to the granting of the March 2010 summary judgment in favor of Montague on the ground that Plaintiff had failed to satisfy 18 *Del. Code* § 6853(e)'s requirement to provide an admissible expert opinion that Montague had violated the standard of care applicable to a physician's assistant.

Following that ruling, Dr. James was found by a jury to have negligently failed in 2006 to diagnose Johnson as a high level bilirubin newborn, evidently accepting the argument that such failure caused Johnson to develop kernicterus,

4

resulting in brain damage.

Plaintiff appealed the Court's judgment. The Delaware Supreme Court affirmed the Court's decision which had granted the motion in limine; denied reargument on the motion in limine; then dismissed Montague from the Negligence Case. One of the crucial issues in the Negligence Case was whether Johnson showed signs of jaundice, the yellowing of the skin, below his nipple line in 2006, four days after his birth. Montague's expert, Dr. John E. Hocutt, acknowledged at his deposition that the yellowing of Johnson's skin "at or below the nipple line" would constitute a "significant risk factor" for the "presence of the development of neurotoxic levels of bilirubin."[1] Montague's testimony was consistent with the notation she made about Johnson's yellow tinted face and sternum in an examination note (the "Sternum Note"), that Dr. James's attorney, Daniel McCarthy, Esq. ("McCarthy"), had produced in discovery. However, Montague's testimony was inconsistent with Dr. James's testimony that Dr. James did not observe yellowing on Johnson's face or sternum.

After a $6.25 million judgment against Dr. James was entered in the Negligence case, Plaintiff's lawyer Roseman filed, on behalf of Dr. James, the Bad Faith Case. PPIC produced to Roseman a letter, in which McCarthy had written to a PPIC representative that Turner had brought to his attention two instances of Johnson's medical chart being altered (the "McCarthy Letter"). PPIC also produced to Roseman the McCarthy Letter's two enclosures. The first enclosure

---

[1] First Amended Complaint, Paragraph 122; Ex. I at 15:31-16:2.

was a note of the July 21, 2006 examination of Johnson written by Montague that differed from the Sternum Note. The Sternum Note recorded an observation of "yellow tinted face/sternum," but the second note ("the Abdomen Note"), written by Montague, memorialized an observation of "yellow tinted face/abdomen." The second enclosure was a note of the July 21, 2006 examination written by Dr. James ("the James Original Office Note").

Unlike Dr. James's examination note that was produced in discovery in the Negligence Case, the James Original Office Note lacked the following two sentences: "If no changes occur, infant to F/U [follow up] early next week. Pt's mom stressed on importance to call since older sibling during neonatal period required biliblanket." In Paragraphs 67, 72, 75, and 77, the First Amended Complaint in this case alleged that Roseman determined from Montague's deposition that there were no documents to be obtained from Montague. Roseman did not serve a request for documents on Montague.

On October 2010, Plaintiff filed a motion to vacate the judgment of dismissal of Montague pursuant to Rules 60(b)(2) and (3) based on the non-disclosure of the Abdomen Note and Montague's alleged perjury ("the Motion to Vacate"). The Court denied the Motion to Vacate on the basis that Montague's possession of the Abdomen Note would not have changed the outcome of the Motion to Dismiss that arose from Johnson's failure to produce a qualified expert opinion.

Third-Party Defendants filed the instant Motion to Dismiss on May 29, 2014. Third-Party Plaintiffs filed a Response in Opposition to Third-Party

Defendants on June 25, 2014.

## STANDARD OF REVIEW

"A motion to dismiss under [Superior Court Civil] Rule 12(b)(6) presents the question of 'whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof' under the complaint."[2] "When considering a motion to dismiss, the Court must read the complaint generously, accept all well-[pled] allegations as true, and construe them in a light most favorable to the plaintiff."[3] "A complaint is 'well-plead' if it puts the opposing party on notice of the claim being brought against it."[4] "Dismissal is warranted only when 'under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted.'"[5]

## DISCUSSION

**I. Under DUCATA, joint or several negligence will not suffice to impose contribution in this matter, because the legal relationship between Plaintiff and both defendants against whom contribution is asserted is not the same.**

Third-Party Defendants argue that Third-Party Plaintiffs fail to state a contribution claim upon which relief can be granted. The Third-Party Complaint

---

[2] *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del. 1995), citing *Kofron v. Amoco Chems. Corp.,* 441 A.2d 226, 227 (Del. Super. 1982).

[3] *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del. 1952).

[4] *Boyce Thompson Inst v. MedImmune, Inc.*, 2009 WL 1482237 (Del. Super. 2009), citing *Precision Air v. Standard Chlorine of Del.*, 654 A.2d 403, 406 (Del. 1995).

[5] *Id.*, citing *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del.Super.).

7

by Third-Party Plaintiffs asserts a claim for contribution against Third-Party Defendants. Contribution is governed by the DUCATA, which provides the parameters for determining when contribution is appropriate, and how it is to be decided.[6] DUCATA permits contribution only among tortfeasors whom the injured person could hold jointly or severally liable for the same damage or injury to his person or property. 10 *Del. Code* § 6302(a). Third-Party Defendants argue that, without this dual liability, no right of contribution can exist.[7] There is no case law stating that DUCATA does not apply to legal malpractice claims in particular. In fact, DUCATA has been applied to cases involving legal malpractice claims in Delaware.[8] Therefore, DUCATA applies to the legal malpractice claim in this matter.

Third-Party Plaintiffs contend that they need to allege only that a third-party is liable in whole or in part for Plaintiff's injury to establish an adequate claim for contribution. However, joint or several negligence will not suffice to impose contribution under DUCATA if the legal relationship between plaintiffs and all defendants against whom contribution is asserted is not the same.[9] As a general rule, the right to contribution among tortfeasors, where permitted, is dependent

---

[6] *Lutz v. Boltz*, 100 A.2d 647, 648 (Del. Super. 1953); *Builders and Managers, Inc. V. Dryvit Systems, Inc.*, 2004 WL 304357 (Del. Super. 2004).

[7] *ICI America v. Martin-Marietta*, 368 F. Supp. 1150, 1151 (D. Del. 1974); *New Zealand Kiwifruit Marketing Bd. v. City of Wilmington*, 825 F. Supp. 1180, 1186 (D. Del. 1993).

[8] See *Hood v. McConemy*, 53 F.R.D. 435 (D. Delaware. 1971).

[9] 10 *Del. Code* § 6301, et seq. *Farrall v. Armstrong Cork Co.*, 1983, 457 A.2d 763.

8

upon the existence of a common liability to the injured person, and consequently where there is no concert of action between persons whose acts of negligence have injured the plaintiff or where such acts did not concur in producing a single indivisible injury, no right to contribution arises.[10]

In this matter, Roseman clearly had a completely different legal relationship and duty to Plaintiff as Plaintiff's attorney than Third-Party Plaintiffs had to Plaintiff as defense counsel. Further, there was no concert of action between Roseman and Third-Party Plaintiffs. Even if Roseman's alleged negligence helped to cause Plaintiff's injury, it was merely passive. Similar to the law of indemnity, generally no right to contribution exists where the defendant's liability is primary rather than secondary, or where the tortfeasor's negligence is active rather than passive.[11]

## II. Contribution claims by non-clients against lawyers for malpractice are generally not permitted.

Third-Party Defendants argue that contribution claims by non-clients against lawyers for malpractice to the Plaintiff are not permitted. According to Third-Party Defendants, Third-Party Plaintiffs, non-clients of Roseman, should not be permitted to pursue a malpractice claim against Roseman when the person to whom Roseman actually owed a duty has not asserted a claim against Roseman.

In response, Third-Party Plaintiffs argue that no Delaware Court has

---

[10] Am. Jur. 2d, Contribution § 47.

[11] Am. Jur. 2d, Indemnity § 20.

actually adopted a rule that exempts lawyers from joint tortfeasor liability. However, Third-Party Defendants do not argue that DUCATA exempts lawyers. Rather, it is Third-Party Defendants' position that *non-clients* should not be permitted to pursue malpractice claims against lawyers. As has been discussed above, DUCATA applies to legal malpractice contribution claims.

More importantly, there is authority in Delaware stating that non-clients may not sue for malpractice claims against lawyers.[12] In addition, there are decisions from other jurisdictions that have disallowed third-party suits for contribution or indemnity filed by non-clients against lawyers based upon the lawyer's negligence or malpractice to the plaintiff.[13] In Delaware, it is generally held that a claim for professional negligence will fail when a third-party brings an action against an attorney, because beyond the duty owed to their client and the Court, no other duty is owed by an attorney.[14]

It is true that this matter deals with establishing a breach of duty that was owed to Plaintiff, not the duty that was owed to the non-clients, Third-Party

---

[12] *Keith v. Sioris*, 2007 WL 544039 (Del. Super. 2007).

[13] *Prescott Investors, Inc. v. Blum*, 762 F. Supp. 1553 (D. Conn. 1991) (Accounting firm, being sued for negligence, brought third-party complaint against law firm which represented client. The court held that the law firm could not be held liable in tort to non-client accounting firm); *Bukoskey v. Walter W. Shuman, C.P.A., P.C.*, 666 F. Supp. 181 (D. Alaska 1987) (Accounting firm brought third-party action against attorneys who drafted union trust fund documents, seeking contribution for losses to trust fund allegedly incurred as result of embezzlement by employee of accounting firm. The court held that evidence failed to support allegation of professional negligence against attorneys).

[14] *Nichols v. Twilley, Street & Braverman*, P.A., 1991 WL 226777, at * 2 (D. Del.).

Plaintiffs. However, it is still the case that joint or several negligence will not suffice to impose contribution under DUCATA if the legal relationship between Plaintiff and all defendants against whom contribution is asserted is not the same. It follows that Third-Party Plaintiffs, adversaries of Plaintiff, cannot bring a contribution claim against Third-Party Defendants for breaching a professional duty to Plaintiff.

**III. There are not sufficient facts in either the Third-Party Complaint or the First Amended Complaint to suggest that Roseman breached any duty to Plaintiff to support a legal malpractice claim.**

**A.** *Roseman did not breach any duty to Plaintiff by failing to serve a request for documents on Montague.*

Third-Party Plaintiffs bring to the Court's attention that, to state a claim for contribution, a third-party plaintiff need only allege that the same injury it allegedly caused the plaintiff to suffer was caused in whole or in part by the third-party defendant.[15] More importantly, a motion to dismiss "tests the sufficiency of the claims as pled, not whether a party will ultimately prevail on those claims."[16] Third-Party Plaintiffs argue that Third-Party Defendants' mere disagreement with the allegations in the Third-Party Complaint is insufficient to carry their significant burden of showing that Third-Party Plaintiffs have failed to state a

---

[15]  See *Encite LLC v. Soni*, 2008 WL 2973015, at \*13 (Del. Ch. Aug. 1, 2008); see also *Ulmer v. Whitfield*, 1985 WL 189262, at \*2 (Del. Super. Sept. 10, 1985) (noting the definition of "joint tortfeasors" under DUCATA).

[16]  See *Doe 30's Mother v. Bradley*, 58 A.3d 429, 438 n. 3 (Del. Super. 2012).

11

claim under any conceivable set of circumstances. As a principle, that is correct. It is, however, inapposite.

Third-Party Plaintiffs cannot maintain a contribution claim against Roseman unless Roseman is actually liable to Plaintiff. Roseman's liability to Plaintiff depends upon a valid cause of action for legal malpractice by Plaintiff against Roseman. To establish a claim of legal malpractice, Plaintiff must establish: a) the employment of the attorney; b) the attorney's neglect of a professional obligation; and c) resulting loss.[17]

Third-Party Plaintiffs argue that the following allegations are sufficient to state a claim for contribution: 1) that the First Amended Complaint's fraud and conspiracy claims are premised on Turner's failure to produce the Abdomen Note and Dr. James' Original Office Note in discovery in the Negligence Case; 2) that Turner did not produce any medical notes or other documents because Roseman never served a document request on Montague; and that 3) Roseman's failure to serve a document request on Montague for all notes or records relating to Plaintiff was a breach of the standard of care of a reasonable attorney to his client, and was the primary proximate cause and/or contributing proximate cause of damages, if any, suffered by Plaintiff.

In the instant matter, the main inquiry is whether Roseman breached a duty to Plaintiff, in order to support a legal malpractice claim. In the Third-Party Complaint, Third-Party Plaintiffs allege that Roseman failed to serve a request for

---

[17] *Seiler v. Levitz Furniture Co.*, 367 A.2d 999, 1008 (1976); *Middlebrook v. Ayers*, 2004 WL 1284207 at *10 (Del. Super. 2004); *Oakes v. Clarke*, 2013 WL 3147313 (Del. 2013).

production of documents on Montague. Third-Party Defendants argue that it was already determined in Montague's deposition that there were no documents to be obtained from Montague, and since there were no documents to be obtained from Montague, there can be no duty to serve a request to obtain allegedly non-existent documents. Therefore, according to Third-Party Defendants, Roseman did not breach a duty owed to Plaintiff when he did not serve a document request on Montague. Further, Third-Party Defendants assert that the alleged failure to request the documents by way of a request for production was not the cause of harm to Plaintiff. Rather, Third-Party Defendants argue that Plaintiff's harm resulted from Montague's alleged false testimony and alleged concealment of documents, not from Roseman's failure to serve a request for production on Montague.

Third-Party Plaintiffs assert that these contentions are merely issues of fact. Moreover, the substance of Montague's deposition and the inferences that could be reasonably drawn therefrom are not pled in the Third-Party Complaint. Even though these are issues of fact, these facts are incorporated in the First Amended Complaint in this case.[18] The facts also demonstrate why Roseman's failure to serve a document request on Montague was not a breach of the standard of care of a reasonable attorney to his client. Where, as is the case in this matter, the Third-Party Complaint incorporates by reference the allegations of the First Amended Complaint, "the Court must accept as true the well-pleaded allegations in both the

---

[18] First Amended Complaint, Paragraphs 67, 72, 75, and 77.

underlying complaint and the third party complaint."[19] Neither the Third-Party Complaint nor the First Amended Complaint supports an inference that Roseman neglected a professional obligation. Therefore, Third-Party Plaintiffs do not sufficiently allege that Roseman breached a duty to Plaintiff; and Third-Party Plaintiffs cannot maintain a contribution claim against Roseman, because there is no valid cause of action for legal malpractice by Plaintiff against Roseman.

**B. *Third-Party Plaintiffs cannot maintain a contribution claim on the basis that Roseman breached a duty to Plaintiff by failing to move to vacate the judgment against Dr. James.***

Third-Party Defendants argue that Third-Party Plaintiffs fail to state a contribution claim based on the alleged failure to move to vacate the judgment against Dr. James. The Third-Party Complaint alleges that, if Dr. James' conduct, including her alleged alteration of Plaintiff's medical file and perjurious testimony, denied Plaintiff a full recovery for damages to which she was entitled, Roseman should have sought a Rule 60 motion for vacatur of the judgment against Dr. James. According to Third-Party Defendants, the contention that Roseman failed to move for vacatur of the judgment is a contention for sole liability by Roseman to Plaintiff, which is not a basis for contribution or a basis for interpleader under Superior Court Civil Rule 14(a).

This contention by Third-Party Defendants, in essence, blames Roseman for

---

[19] *Beesly v. Miller*, 2014 WL 1759862 (Del. Super. 2014). *Marcucilli v. Boardwalk Builders, Inc.*, 1999 WL 1568612, at *3 (Del. Super. Dec. 22, 1999) (citing *Precision Air, Inc. v. Standard Chlorine of Delaware*, 654 A.2d 403, 406 (Del.1995).

failing to rectify Third-Party Plaintiffs' fraud. Roseman did not have a duty to discover and protect Third-Party Plaintiffs from their fraud, which is the basis for the claim asserted by Plaintiff. Therefore, even if Third-Party Plaintiffs could prove that a motion to vacate the judgment against Dr. James would have been successful, Roseman's alleged negligence in failing to file a motion to vacate is merely a reaction to the fraud that Third-Party Plaintiffs caused. In addition, as mentioned above, the legal relationship between Plaintiffs and both defendants against whom contribution is asserted is not the same. Third-Party Plaintiffs cannot maintain a contribution claim on this basis.

## CONCLUSION

For the foregoing reasons, Third-Party Defendants' Motion to Dismiss is **GRANTED**. Third-Party Plaintiffs' claim against Third-Party Defendants is **DISMISSED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
*Via File & ServeXpress*
oc:   Prothonotary
cc:   Counsel
      Opinion Distribution
      File